*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-16-0000473
27-SEP-2021
08:57 AM
Dkt. 36 MO

SCWC-16-0000473

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

TED'S WIRING SERVICE, LTD.,
Respondent/Plaintiff-Counterclaim Defendant-Appellee,

vs.

DEPARTMENT OF TRANSPORTATION, STATE OF HAWAI'I;
Petitioner/Defendant-Counterclaimant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000473; CIV. NO. 1CC131001910)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Petitioner/Defendant-Counterclaimant-Appellant

Department of Transportation, State of Hawai'i (DOT) seeks review

of the Intermediate Court of Appeals' (ICA) February 4, 2020

Judgment on Appeal entered pursuant to its December 26, 2019

Memorandum Opinion.  The ICA vacated the May 20, 2016 Judgment

of the Circuit Court of the First Circuit (circuit court).

This case arises from a contract dispute between DOT and Respondent/Plaintiff-Counterclaim Defendant-Appellee Ted's Wiring Service, Ltd. (TWS). DOT and TWS entered into a contract for goods and services, wherein TWS agreed to build a ground transportation tracking system for DOT at the Daniel K. Inouye International Airport ("the airport"). After TWS believed it had fulfilled its obligations under the contract, DOT notified TWS that it was not satisfied with TWS's performance and proposed withholding the remaining balance due to TWS under the contract.

TWS filed an action against DOT in the circuit court to recover the remaining balance under the contract and DOT filed a counterclaim for damages. Both parties filed motions for summary judgment. The circuit court ruled in favor of TWS, finding that there were no genuine issues of material fact and concluding as a matter of law that TWS had completed the contract and that DOT accepted the system built by TWS. The circuit court entered a single judgment in favor of TWS and against DOT on all claims asserted in the action.

DOT appealed to the ICA and argued that the circuit court erred by (1) concluding that TWS was entitled to summary judgment; and (2) disregarding the contract's non-waiver provision, which states that final acceptance by DOT does not preclude it from recovering from TWS. The ICA held that the

2

circuit court erred by granting TWS's motion for summary judgment because genuine issues of material fact exist as to whether TWS breached the contract, whether TWS satisfied its contractual obligations, and whether DOT accepted TWS's performance. Because the ICA concluded that there was a genuine issue of material fact as to whether DOT accepted TWS's performance, the ICA declined to address the effect of the contract's non-waiver provision. However, the ICA's decision included a footnote stating that DOT's appeal did not challenge the circuit court's entry of judgment against it on its counterclaim. The ICA vacated the circuit court's judgment and remanded for further proceedings.

In its application for writ of certiorari, DOT argues that the ICA erred by stating that DOT did not challenge the circuit court's entry of judgment against DOT on its counterclaim. DOT maintains that it is still entitled to pursue its counterclaim for damages on remand. DOT argues that the sole issue in this case is whether TWS satisfied or breached the contract and that TWS's claim for the contract balance and DOT's counterclaim for damages are intertwined. DOT maintains that by appealing the circuit court's judgment in favor of TWS, it appealed both the judgment in favor of TWS on its claim and against DOT on its counterclaim.

3

We conclude that by appealing the circuit court's judgment, DOT appealed both the circuit court's grant of summary judgment in favor of TWS on its complaint and against DOT on its counterclaim. Thus, the ICA erred by stating that DOT did not challenge the circuit court's entry of judgment on its counterclaim. Because the ICA concluded that genuine issues of material fact exist as to whether the parties modified the contract and whether TWS performed under the contract, DOT is entitled to pursue its counterclaim for damages on remand.

Accordingly, we vacate in part the ICA's February 4, 2020 Judgment on Appeal as to DOT's counterclaim and affirm the ICA's Judgment on Appeal in all other respects. We remand to the circuit court for further proceedings consistent with this opinion.

## I. BACKGROUND

In June 2000, TWS and DOT entered into a contract for goods and services ("the Contract"), wherein TWS agreed to build an Automatic Vehicle Identification system ("AVI System") that uses radio frequency technology to help manage commercial ground transportation providers at the airport ("the Project"). DOT intended to use the AVI System, which consists of antennas at the airport's entrances and exits, computer hardware, and software to track and meter ground transportation providers so that DOT could send them accurate monthly bills.

4

The Contract specifically incorporated the request for proposals ("the RFP") issued by DOT, which set forth the threshold requirements for the Project.  As relevant here, the RFP required the AVI System to "provide an automated record keeping and collection system capable of generating invoices and reports to the user for confirmation of charges/withdrawals."  The Contract required TWS to complete performance by installing the AVI System within eight months of the date that DOT issued the notice to proceed and then operating and maintaining the system for an additional two years after installation.

DOT issued the notice to proceed on December 15, 2000, and the original completion date for the Project was August 13, 2003.  However, work on the Project was delayed by the September 11, 2001 terrorist attacks, unanticipated difficulties in designing the AVI System, and difficulties in obtaining DOT's approval of the Concept of Operations (COP) for the Project.[1]  DOT finally approved the COP on May 19, 2003.

By letter dated May 27, 2003, TWS proposed changing the hardware in the AVI System to a single server because

---

[1]     While the RFP laid out the threshold requirements for the AVI System, the COP described in detail how the AVI System would operate and the methods it would use.  The COP was a document developed by TWS and the Project could not begin until DOT approved it.

In May 2002, DOT rejected TWS's initial proposed COP because it did not meet all of the specifications set forth in the RFP.  DOT requested that TWS resubmit a proposed COP for approval that included all of the RFP specifications and reminded TWS that "any changes and/or adjustments to the RFP requires that an [sic] Amendment or Change Order to the Contract."

technology had improved in the years since the Project was first proposed and a dual server was no longer necessary.  DOT responded to TWS in writing to acknowledge receipt of the single server proposal, stating that it "ha[d] no additional input at this time[,]" as "the proposed changes <u>ought to meet the specifications</u> of your contract," and DOT would "defer to your knowledge and expertise."  (Emphasis added.)

By letter dated October 15, 2003, TWS clarified to DOT the function of the AVI System software and specified the twelve reports the software would generate.  On November 4, 2003, DOT notified TWS that it approved of TWS's description of the twelve submitted reports.

Because of delays, the parties agreed to extend the deadline for installation and testing of the AVI System to April 30, 2009.  By letter dated June 23, 2009, DOT declared TWS to be in default of its obligations under the Contract for failure to complete installation and testing by April 30, 2009.  DOT suspended work on the Project the following day.

On October 13, 2009, Travelers Casualty and Surety Company of America (Travelers), the Contract surety company, entered into a Takeover Agreement with DOT to complete the Project.  Travelers selected TWS to serve as the completion contractor.

By February 2010, all of the hardware and software for the AVI System was installed. DOT indicated in a letter to Travelers that the AVI System software was "evaluated and found to be functional" and that the two-year operations and maintenance period, during which TWS would provide support to DOT, would commence on February 15, 2010.

On February 15, 2012,[2] DOT notified Travelers that it was not satisfied with the functionality of the software because of errors that occurred when DOT ran the billing report. DOT stated that it would not deem the Project to be complete until the software issue was resolved.

By letter dated March 27, 2012, DOT wrote to Travelers to "acknowledge[] the completion of the two-year operations and maintenance period as of February 29, 2012." However, DOT stated that it was still not satisfied with the functionality of the AVI System software, claiming that it did not satisfy the RFP because it did not provide accurate reports. Because DOT did not believe that TWS could satisfactorily resolve the software issues, DOT stated that it was "willing to accept the installed system 'as is' and consider the Takeover Agreement completed[.]" DOT stated that it would withhold the outstanding balance due under the Takeover Agreement and use those funds to

_____

[2] Because the two-year operations and maintenance period required by the Contract commenced on February 15, 2010, the operations and maintenance period was scheduled to conclude on February 14, 2012.

"correct the issues with the current software on its own accord with another software consultant."

## A.    Circuit Court Proceedings[3]

On July 9, 2013, TWS filed an action against DOT in the circuit court seeking to recover the remaining balance under the Contract.  On July 31, 2013, DOT filed a counterclaim against TWS for damages for lost revenue and expenses incurred by DOT because the Project was not completed on time and the AVI System software failed to function as expected.[4]

On June 2, 2015, TWS filed a motion for summary judgment on all claims asserted in its complaint and on all counterclaims asserted by DOT.

On September 11, 2015, DOT filed a motion for partial summary judgment on all claims asserted in TWS's complaint and on all of DOT's counterclaims for damages, except lost revenue and additional security costs.

The circuit court heard TWS's motion for summary judgment on September 9, 2015, and heard DOT's motion for partial summary judgment on October 7, 2015.

---

[3]    The Honorable Jeannette H. Castagnetti presided.

[4]    In its discovery responses, DOT divided its damages into four categories: (1) additional expense to hire an outside contractor to supervise completion of the Project; (2) additional security costs incurred because DOT was unable to reduce security as planned, once the AVI System was implemented; (3) the entire Contract amount; and (4) lost revenue because the AVI System was not completed and operating by the original project completion date.

During the October 7, 2015 hearing, the circuit court ruled that TWS was entitled to summary judgment on its claim for the outstanding balance due under the Contract because there were no genuine issues of material fact. The circuit court concluded that TWS "completed the contract as extended and modified by DOT and [TWS]" and "[TWS] performed under the contract to the DOT's satisfaction, as agreed and modified by the parties." The circuit court further concluded that DOT accepted the AVI System.

As to DOT's counterclaims, the circuit court orally ruled that TWS was entitled to summary judgment based on the circuit court's conclusion that TWS did not breach the Contract.[5] Finally, the circuit court concluded that because "[TWS] is entitled to judgment as a matter of law on its claim for retainage and amounts owing as well as the counterclaim asserted by the [DOT], and the [DOT] would not, therefore, be entitled to partial summary judgment as the [DOT] has moved for." (Emphasis added.)

---

[5]    The circuit court also stated its conclusion that even if TWS had breached, DOT did not have a valid claim for damages because (a) DOT did not assert a claim for breach of contract based on any untimely performance; (b) if DOT had asserted such a claim, it would not be valid because DOT agreed to multiple extensions of the time of performance; (c) DOT did not incur additional expenses to supervise completion of the Project based on TWS's conduct, but because DOT was understaffed; (d) DOT's claim for lost revenue lacked any legal basis because TWS was not obliged to provide DOT with revenue from the AVI System; and (e) DOT's claim for recovery of the entire Contract price failed as a matter of law.

On November 12, 2015, the circuit court entered orders granting TWS's motion for summary judgment and denying DOT's motion for partial summary judgment. The circuit court awarded TWS the outstanding balance due under the Contract.

On May 20, 2016, the circuit court entered final judgment in favor of TWS and against DOT.

B.   ICA Proceedings

DOT appealed the circuit court's judgment to the ICA. As relevant here, DOT argued on appeal that the circuit court erred by (1) concluding, as a matter of law, that (a) the COP changed the Contract specifications; and (b) that DOT accepted the AVI System; and (2) disregarding the Contract's non-waiver provision, which states that final acceptance by DOT does not preclude it from recovering from TWS. DOT requested that the ICA reverse the circuit court's judgment in favor of TWS, enter judgment in favor of DOT "as requested in [DOT]'s motion for partial summary judgment," and remand for a trial on DOT's damages.

The ICA entered a memorandum opinion (MO) in which it concluded that the circuit court erred by granting summary judgment in favor of TWS because there were genuine issues of material fact regarding whether the COP modified the Contract specifications and whether DOT finally accepted the AVI System under the terms of the Contract. Because there was a genuine

10

issue of material fact about whether DOT accepted the AVI System, the ICA declined to address the effect of the Contract's non-waiver provision.  The ICA did not address the question of whether TWS was entitled to summary judgment as to DOT's counterclaim, stating in footnote 6 of its MO: "TWS also argued that it was entitled to judgment as to DOT's counterclaim for damages under the contract.  DOT has not challenged the Circuit Court's entry of judgment against it on its counterclaim on appeal."  (Emphasis added.)

Accordingly, the ICA vacated the circuit court's May 20, 2016 Judgment in favor of TWS and against DOT and remanded for further proceedings "not inconsistent" with its MO. The ICA entered its Judgment on Appeal on February 4, 2020.

## II.  DISCUSSION

In its application for writ of certiorari, DOT argues that the ICA erred by stating in footnote 6 of its MO that "DOT has not challenged the Circuit Court's entry of judgment against it on its counterclaim on appeal."  DOT contends that by appealing the circuit court's judgment in favor of TWS and against DOT, it appealed all claims asserted in the action — which encompassed both the award of the remaining balance of the Contract in favor of TWS and DOT's counterclaim for damages. According to DOT, the sole issue in this case is whether TWS performed under the Contract and the parties' competing claims

11

regarding whether the Contract was modified and whether DOT accepted the AVI System are inextricably intertwined. DOT contends that footnote 6 contradicts the ICA's conclusion that TWS was not entitled to summary judgment because there were genuine issues of material fact as to which party defaulted on the Contract. Accordingly, DOT maintains that it is still entitled to pursue its counterclaim for damages against TWS on remand.

Conclusions of law are reviewed de novo under the right/wrong standard of review. Maria v. Freitas, 73 Haw. 266, 270, 832 P.2d 259, 262 (1992). In this case, the ICA concluded as a matter of law that the circuit court erred by granting summary judgment in favor of TWS and against DOT because genuine issues of material fact exist. The ICA also concluded that DOT failed to challenge on appeal the circuit court's entry of judgment against it on its counterclaim for damages.[6] For the following reasons, we agree with DOT that footnote 6 is wrong. The ICA erred by concluding that DOT appealed only the entry of judgment in favor of TWS on its claim and did not appeal the circuit court's judgment on its counterclaim.

---

[6]    We note that the ICA cited no basis for its conclusion in footnote 6 that "DOT has not challenged the Circuit Court's entry of judgment against it on its counterclaim on appeal."

First, the circuit court issued a single judgment in favor of TWS and against DOT "on all claims asserted in the action."[7]  Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 3(c)(2) (2019), "[t]he notice of appeal shall designate the judgment, order, or part thereof and the court . . . appealed from[]" and "[a] copy of the judgment or order shall be attached as an exhibit."  (Emphasis added.)  In this case, DOT filed a Notice of Appeal "from the [circuit court]'s JUDGMENT filed May 20, 2016" and attached a copy of the judgment as Exhibit 1.  Thus, DOT appealed the entire judgment, and its appeal necessarily encompassed both the circuit court's grant of summary judgment in favor of TWS on its complaint and against DOT on its counterclaim.

Second, DOT's appeal in no way indicated that it was abandoning its counterclaim for damages.  Instead, in its opening and reply briefs, DOT maintained its position that it was TWS who breached the Contract.  DOT disputed TWS's claims that (1) the parties modified the Contract; (2) TWS performed under the Contract, as modified; and (3) DOT issued a final acceptance.  Thus, DOT's arguments that TWS breached the Contract and that DOT was entitled to damages were the same

_____

[7]     Not only did the circuit court enter a single judgment, it also treated TWS's complaint and DOT's counterclaim as a single issue by addressing their cross-motions for summary judgment in one oral ruling and stating that "a lot of the issues in both motions . . . just overlap."

13

arguments made by DOT for why TWS was not entitled to the remaining balance under the Contract.  It follows that if there were genuine issues of material fact as to which party breached the Contract, DOT is entitled to pursue its claim for damages on remand.

Third, DOT specifically challenged on appeal the circuit court's failure "to give effect to the non-waiver provision of the contract," which is only relevant to DOT's counterclaim for damages.  DOT argued to the ICA that the non-waiver provision entitled DOT to seek damages from TWS, even if the circuit court found that TWS did not breach the Contract.  In addition, the relief that DOT requested on appeal was for the ICA to reverse the circuit court's judgment in favor of TWS, enter judgment in favor of DOT "<u>as requested in [DOT]'s motion for partial summary judgment</u>," and remand for a trial on DOT's damages.  (Emphasis added.)

Thus, DOT's appeal of the circuit court's judgment encompassed both the entry of judgment in favor of TWS for the remaining balance under the Contract and DOT's counterclaim for damages.  To the extent that the ICA concluded that DOT failed to challenge on appeal the circuit court's entry of judgment against DOT on its counterclaim, the ICA erred.  The

14

ICA vacated the circuit court's judgment[8] because it concluded that genuine issues of material fact exist as to whether DOT agreed to modify the Contract specifications and whether DOT accepted the AVI System. For that reason, DOT is entitled to pursue its counterclaim for damages against TWS on remand.

### III. CONCLUSION

Accordingly, we vacate in part the ICA's February 4, 2020 Judgment on Appeal as to DOT's counterclaim and affirm the ICA's Judgment on Appeal in all other respects. We remand to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, September 27, 2021.

| | |
|---|---|
| John H. Price and<br>William J. Wynhoff<br>for petitioner<br>Department of Transportation,<br>State of Hawai'i | /s/ Mark E. Recktenwald<br><br>/s/ Paula A. Nakayama<br><br>/s/ Sabrina S. McKenna<br><br>/s/ Michael D. Wilson |
| Keith Y. Yamada,<br>Kelly G. LaPorte,<br>Christopher T. Goodin,<br>and Trisha H.S.T. Akagi<br>for respondent Ted's<br>Wiring Service, Ltd. | /s/ Todd W. Eddins |



---

[8] To "vacate" a judgment is to "nullify or cancel; make void; invalidate" it. Black's Law Dictionary 1862 (11th ed. 2019). Thus, because the ICA vacated the circuit court's judgment which disposed of DOT's counterclaim for damages, the judgment is void and DOT's counterclaim necessarily survives.